This is a controversy between a local union and the parent body. The defendant, Brotherhood of Painters, Decorators and Paper Hangers of America, was organized as a voluntary association in 1887 and was incorporated under the laws of the State of Indiana in 1894. In 1899 it granted a charter to a group of workmen in Paterson, who thereby became one of its local unions. The members of the Paterson Local formed themselves into a corporation in 1910 under the provisions of the statute of New Jersey for the incorporation of associations not for pecuniary profit. This corporation is the complainant. After its organization, it functioned as a local union of defendant until 1932, when defendant revoked complainant's *Page 125 
charter and expelled complainant from membership. The bill is filed for a mandatory injunction compelling the defendant to restore complainant to full membership.
The right of complainant to membership in defendant; the sufficiency of the ground of expulsion; the legality of the procedure employed by defendant in expelling complainant; the obligation of complainant to exhaust its remedies within the organization before seeking relief in the courts — all depend upon the law of Indiana. Counsel cite me no statutes or decisions of that state touching any of these matters and I find only one case in point, Gardner v. Newbert, 74 Ind. App. 183;128 N.E. Rep. 704, from which it may be inferred — though not with certainty — that the courts of Indiana will not interfere to protect a member from arbitrary expulsion from a union, whether incorporated or unincorporated, unless property rights are involved. In the present case, no property rights, strictly speaking, are involved. The law relating to trade unions has been rapidly growing during the past two decades with the increase of the power of these organizations and with the realization by the courts that they cannot be classified with mere social clubs and fraternal organizations. What are the rights of complainants under the law of Indiana, I cannot say.
The jurisdiction of the courts of one state to interfere in the internal affairs of a corporation of another state is, to say the least, a matter of doubt, and it is a jurisdiction which should not be exercised when the law of the domicile cannot be readily ascertained.
The bill of complaint must be dismissed. *Page 126